IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID J. HICKS )
)
v. ) NO. 3-16-1860
) JUDGE TRAUGER
PERFORMANCE CONTRACTING )
GROUP, INC., et al.. )

ORDER AND MEMORANDUM

Pending before the court is Defendant AECOM Energy & Construction, Inc.'s Motion for Judgment on the Pleadings (Docket No. 35). Defendant Performance Contracting Group, Inc. ("PCG") and Plaintiff have filed Responses in opposition to AECOM's Motion (Docket Nos. 40 and 41), and AECOM has filed a Reply (Docket No. 42).

JUDGMENT ON THE PLEADINGS

The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard of review applicable to motions for judgment on the pleadings is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6), which requires the court to construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014).

As with a motion to dismiss, if a party presents matters outside the pleadings on a motion for judgment on the pleadings, the motion must be treated as one for summary judgment under Rule

56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d).

## BACKGROUND

This matter arises from personal injuries allegedly sustained by Plaintiff while he was working on a scaffolding system on a construction site in Gallatin, Tennessee. Plaintiff's Amended Complaint (Docket No. 15) alleges that the scaffolding system at issue was negligently erected, maintained and/or inspected by Defendants. Plaintiff's Amended Complaint does not allege that AECOM was Plaintiff's employer. This action, originally filed in the Circuit court for Wilson County, Tennessee, was removed to this court on July 19, 2016.

AECOM has moved for judgment on the pleadings, alleging that it is immune from Plaintiff's negligence action because, as Plaintiff's employer, Tennessee's Workers' Compensation statutes provide Plaintiff's only remedy against AECOM.[1]

## ANALYSIS

AECOM has presented documents and alleged facts outside the pleadings in support of its Motion.[2] As explained above, because AECOM presented matters outside the pleadings, the court must treat its motion as one for summary judgment. Fed. R. Civ. P. 12(d). AECOM has not, however, complied with Local Rule 56.01 by providing a Statement of Undisputed Facts, and the court cannot determine the disputed factual issues with regard to whether AECOM is the statutory employer of Plaintiff without that Statement and Plaintiff's responses thereto.

---

[1] Under Tennessee law, the Workers' Compensation Statutes provide the exclusive remedy for accidental personal injuries to employees. Tenn. Code Ann. § 50-6-108.

[2] For example, AECOM relies upon an incident report, a contract, and its own General Conditions and Special Conditions documents.

The basis of liability under the Workers' Compensation Act is the employer/employee relationship. *Slaughter v. Duck River Elec. Membership Corp.*, 102 S.W.3d 612, 619 (Tenn. Ct. App. 2002). To determine whether AECOM was Plaintiff's statutory employer, and therefore entitled to immunity under the Workers' Compensation laws, the court must analyze several factors: (1) the right to control the conduct of the work; (2) the right of termination; (3) the method of payment; (4) whether the alleged employee furnishes his own helpers; (5) whether the alleged employee furnishes his own tools; and (6) whether one is doing the "work for another." *Id.*[3]

The pleadings do not answer these questions. Therefore, AECOM's Motion for Judgment on the Pleadings (even if it is treated as a Motion for Summary Judgment) is DENIED without prejudice to AECOM's filing, after time for discovery, a properly supported Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[3] PCP contends that the court must also determine whether there is a general contractor -subcontractor relationship present in order to find that AECOM is Plaintiff's statutory employer. Such an analysis also requires resolution of factual issues. Docket No. 40, p.7.

3